# CHARLESTON.

## GAS CO. *v.* KRESS.

Submitted February 7, 1911. Decided December 20, 1911.

CONDEMNATION PROCEEDINGS—For Syllabus see *Gas Co.* v. *Wilson*, this term.

Error to Circuit Court, Wayne County.

Action by the Cincinnati Gas Transportation Company against John Kress and others to condemn right of way. From the judgment, plaintiff brings error.

*Reversed.*

*Simms, Enslow, Fitzpatrick & Baker* and *Geo. J. McComas,* for plaintiff in error.

BRANNON, JUDGE.

Cincinnati Gas Company instituted a proceeding in the circuit court of Wayne county seeking condemnation of a strip of land of the width of thirty feet, out of a tract of 152 acres owned by John Kress, for laying an underground pipe line for conveyance of oil or gas, and for the erection of telegraph or telephone poles. The parcel sought to be condemned contains 4.21 acres. The commissioners of the court to assess compensation reported $300.00 as compensation. A jury having been asked, it found the sum of $750.00 as compensation, and the court having rendered judgment for that sum the gas company brings the case to this Court.

We are of opinion that the sum of $750.00 as compensation

for the small piece of land to be condemned is grossly excessive. We hesitate not to say that, whilst theer are some arbitrary opinions which go to justify such finding, the evidence adduced by the defendant himself, when examined in detail, and considering the valuation of lands near by, and the per acre valuation of this tract, and other circumstances, show this valuation to be excessive. The tract in 1905 was assessed by the official assessor at $8.00 per acre for the land, and $11.00 an acre for land including improvements, making the total tract value $1584.00. Kress himself puts the total valuation at the time he gave his evidence at $6000.00 for the whole tract, and yet demands $750.00 for an acre and one fifth, for only an easement. Remember that only an easement for an underground pipe 127 rods long, and a few telephone poles will exist under this condemnation. The *corpus* or body of the land is not taken. The fee of the body or *corpus* of the land remains in Kress.

He can use it for all purposes of agriculture, subject only to the right of repair in the company, which will likely not be often needed. I suppose the company could not fence off the strip of land. And I suppose that the company would have right only of repair, and such legitimate use as would be reasonable, considering the nature of such use, and that its power could not be arbitrarily used to the hurt of Kress. It would be the case of mutual rights by the two parties, and the law would say, I suppose, that each must exercise his rights reasonably and consistently with the rights of the other. The principles stated in the case of *Cincinnati Gas Company* v. *Wilson* decided this term apply to and rule this case.

Our conclusion is to reverse the judgment, set aside the verdict, grant a new trial, and remand the cause to the circuit court.

*Reversed and Remanded.*